## Dymsia v. Westminister Life Insurance Company

*Patterson, Crawford, Arensberg & Dunn,* for plaintiff.

MONTGOMERY, J., October 8, 1946.—This is an action of assumpsit based upon two contracts of life insurance insuring the life of Joseph Gabriel Dymsia, who died November 21, 1945. Suit on the policies was entered by his widow Katherine V. Dymsia and proceeded to trial ex parte, defendant failing to either enter an appearance in the records of the case or to appear through its attorney at the hearing; neither did it file an answer to the statement of claim or the amended statement of claim. From the undenied aver-

ments of the statement of claim and the testimony, I make the following

*Findings of fact*

1. Plaintiff is the widow of Joseph Gabriel Dymsia, who died November 21, 1945, and who, at the time of his death, owned two policies of life insurance issued by defendant providing for the payment of certain sums to plaintiff upon the death of the insured, which policies were in full force and effect at the time of his death.

2. Defendant is a corporation organized under the laws of Illinois with its principal place of business at 2222 Diversey Parkway, Chicago, Ill.; is engaged in the business of insuring lives, but does not have a certificate of authority to engage in the insurance business in Pennsylvania, nor has it complied with the requirements of the law of Pennsylvania for the writing of policies in this State.

3. Sometime prior to June 15, 1944, defendant, by means of advertising, caused decedent, Joseph Gabriel Dymsia, to become interested in entering into a contract with defendant for the insurance of his life. Dymsia sent an inquiry by mail to defendant and received from defendant by mail an application for insurance which he filled out and upon said application defendant then issued its policies 1000854 and 1000855, being the policies upon which this suit is based, which provided that upon the death of the insured certain payments would be made to plaintiff the amounts of which were dependent upon his age at the time of his death.

4. The insured, in his lifetime, paid the stipulated premiums and performed all things on his part according to the requirements of the policy and when he died on November 21, 1945, the two policies were in full force and effect.

5. Plaintiff filed proper proofs of death of her husband with defendant.

6. Insured was born April 13, 1892, and was 53 years old at the time of his death so that, according to the table of benefits set forth in the policies, the sum of $250 on each policy was payable to plaintiff, which sums defendant has neglected and refused to pay.

7. Defendant, having no office in Pennsylvania nor a representative within the State and not having designated Insurance Commissioner or any other persons as its agent to accept service or process, was served in accordance with Pa. R. C. P. 2180 (c) by having mailed to it by registered mail the writ and a copy of the pleadings filed in the case and also by having mailed to the Secretary of the Commonwealth of Pennsylvania copies of the same.

### Discussion

Defendant is a foreign corporation and, although it has neglected to register with the Insurance Department of this Commonwealth, to submit its statement of assets and liabilities for approval or to have its form of policies approved by the Insurance Department, is, nevertheless, operating its business through the use of the mails within this Commonwealth. This is undesirable, unlawful and contrary to the policy of the Commonwealth which strives to protect its citizens from unreliable corporations who may seek to do business within its boundaries and from corporations which may seek to insure lives in a way contrary to approved practices by our Insurance Department. The Commonwealth has a substantial interest in the business of insurance and in the welfare of its citizens and has a right to protect its citizens and their property from possible dangers present in dealing with companies which are unregistered and whose policies are unapproved, among those dangers being the uncertainty of additional assessments after the contracts have been entered into, which danger is present in the policies

we are considering. Another danger is that of being unable to secure service upon such companies which neither maintain officers nor agents within the Commonwealth, which danger is also noticeably present in this case. It was this danger that was sought to be overcome by the drafting of Pa. R. C. P. 2180 (*c*) which provides:

"Rule 2180. Service of Process. (*c*) If service cannot be made under any of the methods set forth in subdivision (*a*) or (*b*) of this rule, the court upon petition shall authorize service by registered mail directed to the Secretary of the Commonwealth and to the corporation or similar entity at its last registered address or principal place of business, or by publication as the court may direct."

Although defendant has failed to meet the statutory requirements for doing business within this State, we are of the opinion that it has, nevertheless, by its actions, made itself amenable to our laws and subject to process in accordance with the Supreme Court procedural rule hereinbefore noted and that service upon it in accordance with that rule properly gave this court jurisdiction in this suit.

Insofar as the merits of this case are concerned, plaintiff has established a legal cause of action; she has proven a legal contract, death of her husband by filing proper proofs of death, the failure of defendant to pay, and all other incidental facts necessary to permit a recovery. We, therefore, make the following

### Conclusions of law

1. Defendant is doing business in Pennsylvania and is subject to the process of its courts and amenable to its laws; and its consent to be served with process will be presumed from its actions.

2. Plaintiff is entitled to a judgment in the amount of $500, with interest from November 21, 1945, against defendant.

*Order*

And now, to wit, October 8, 1946, the above-entitled matter having come before the court for hearing, after consideration of all the testimony, judgment is hereby entered in favor of plaintiff, Katherine V. Dymsia, and against defendant, Westminster Life Insurance Company, a corporation, in the sum of $525.